**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1523

JOSE SOTO,

Plaintiff, Appellant,

v.

MEGAN J. BRENNAN, Postmaster General of the U.S. Postal Service,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Lynch, Selya, and Barron,
Circuit Judges.

Nicole Bluefort and Law Offices of Nicole M. Bluefort on brief for appellant.
Karen L. Goodwin, Assistant U.S. Attorney, and Carmen M. Ortiz, United States Attorney, on brief for appellee.

March 13, 2017

**Per curiam**.  Jose Soto appeals from the district court's dismissal of his four-count complaint alleging that his former employer, the United States Postal Service ("USPS"), engaged in retaliation, race discrimination, and wrongful discharge against him.  Soto's claims arise from his unsuccessful filing for workers' compensation after being injured in a motor vehicle accident on April 29, 2010, and from the subsequent termination of his USPS employment for the stated reasons of "failure to follow instructions, failure to satisfactorily perform his duties, falsification of time, and unacceptable conduct between April 17 and April 30, 2010."  In addition to appealing from the dismissal of these claims, Soto argues that he was repeatedly denied due process throughout the Equal Employment Opportunity ("EEO") process and proceedings before the district court, an assertion not made before the district court.

The district court construed the USPS's motion to dismiss or, in the alternative, motion for summary judgment as a motion to dismiss and granted that motion in its entirety.  In its order granting the USPS's motion, the court did not address Count I, which appealed the denial of Soto's second EEO complaint, because the parties agreed that the count had dropped from the case.  The court then dismissed Count II, which alleged race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for failure to exhaust administrative

remedies. Soto had not raised the claim in either of the two EEO complaints he had earlier filed. As to Count III, which claimed that the USPS failed to process his workers' compensation papers as retaliation for his initiation of EEO counseling in violation of Title VII, the district court found that the claim was meritless for two reasons. First, because Soto's initiation of EEO counseling (on May 28, 2010) took place after the alleged failure to process his workers' compensation papers (for which he submitted supporting documentation on May 1, 2010), the timeline did not give rise to an inference of retaliation. Second, because record evidence showed that the Office of Workers' Compensation Programs had actually considered and denied Soto's workers' compensation claim, the USPS's alleged retaliation did not result in materially adverse harm to Soto. Finally, the district court dismissed Count IV, which alleged wrongful discharge, by relying on the EEO decisions that found that the USPS had committed no wrong in terminating Soto.

On de novo review, we affirm. It does not matter whether the district court treated the USPS's motion as one for Rule 12(b)(6) dismissal or one for summary judgment because both parties put undisputed official documents before the district court, and the complaint referred to many of those documents. Further, the parties agreed before the district court that Count I had dropped from the case. As to the remaining three counts, we summarily

affirm substantially on the district court's reasoning.  See 1st
Cir. R. 27.0(c).  Finally, Soto cannot make his due process claim
for the first time on appeal without having raised it in his
complaint or in the district court.  See United States v. Slade,
980 F.2d 27, 30 (1st Cir. 1992).

So ordered.